**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MANUEL LARA SOTO,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orleans Field Office,[1]<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03403-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On October 21, 2026, pro se Petitioner Manuel Lara Soto filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[2] (ECF No. 2.) He challenges his immigration-related detention without a bond hearing. (Id. at PageID 3.) Soto states that he is a 61-year-old Mexican citizen who entered the United States in 1996 and has since worked construction, filed taxes, and married. (Id. at PageID 2.) Soto states that U.S. Citizenship and Immigration Services issues him an employment authorization card, valid from August 29, 2024 to August 28, 2029. (Id.) Soto does not provide the details underlying his detention, only that he was detained in Mississippi, moved to Georgia, and then transferred to the West Tennessee Detention Facility,

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the Facility Administrator of the West Tennessee Detention Facility, David Venturella, Markwayne Mullin, and Todd Blanche are dismissed from the case.

[2] Along with the Petition, Soto filed an Emergency Motion for Temporary Restraining Order. (ECF No. 3.) To the extent that motion requests a stay of Soto's transfer out of this District, the motion is **GRANTED**.

where he is presently located. (Id. at PageID 4.) He seeks immediate release, or, alternatively, an individualized bond hearing. (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 2) and this Order (ECF No. 6)** to the United States Attorney for the Western District of Tennessee at the following email address: **jason.martin3@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 23rd day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE